Dear Representative Ellington:
Your request for an Attorney General's Opinion has been assigned to me for research and reply.
In light of the Louisiana Supreme Court's holding in Board of Directorsof the Industrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City of Gonzales,938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the "Cabela's" case), you have asked for our opinion as to whether Attorney General Opinion Nos. 94-276 and 94-384 should be withdrawn and set aside.
Attorney General Opinion Nos. 94-276 and 94-384 both address the expenditure of public funds for the payment of legal expenses incurred by a municipal officer in defense of criminal charges arising out of his employment, in light of the constitutional standard expressed in theCity of Port Allen v. Louisiana Risk Management, et al., 439 So.2d 399
(La. 1983).
This office has consistently opined that if a public official or employee is prosecuted for a criminal offense and is found not guilty and the alleged offense arose out of the performance of his official functions, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from the defense against such charges. Atty. Gen. Op. No. 93-376, 91-474, 89-110.
Notwithstanding, every expenditure of public funds must be addressed in light of Louisiana Constitution Article VII, Section 14 which provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .' *Page 2 
Guided by the standard expressed in City of Port Allen v. LouisianaRisk Management, et al., 439 So.2d 399 (La. 1983), which holds that Article VII, Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so", this office has consistently opined that in order to be constitutionally sanctioned, the expenditure of public funds must meet the following three requirements: 1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.
However, in The Board of Directors of the Industrial Development Boardof the City of Gonzales, Louisiana, Inc. v. All Taxpayers, propertyowners, citizens of the City of Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06), the Louisiana Supreme Court found the City ofPort Allen standard to be an "unworkable and incorrect interpretation of La.Const. art. VII, Section (A)" and accordingly articulated a new standard. The new standard effectively holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, to the extent Attorney General Opinion Nos. 94-276 and 94-384 reference and rely upon to the holding of the City of Port Allen, they are hereby recalled and set aside.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt